IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK C. MOORE,              )
                                 )
            Plaintiff,           )
                                 )
     v.                          ) Civil Action No. 04-250J
                                 )
JO ANNE B. BARNHART,             )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
            Defendant.           )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 23rd day of March, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for supplemental security income on March 11, 2003, with a protective filing date of January 30, 2003, alleging a disability onset date of January 21, 2003, due to a heart attack, non-insulin dependent diabetes mellitus and back problems. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on April 12, 2004, at which plaintiff, represented by counsel, appeared and testified. On May 24, 2004, the ALJ issued a decision finding that plaintiff is not disabled. On September 17, 2004, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 51 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. § 416.963(c). Plaintiff has a ninth grade education which is classified as a limited education. 20 C.F.R. §416.964(b)(3). Plaintiff has past relevant work experience as a utility laborer and machine operator, but has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine with right S1 radiculopathy, chronic obstructive pulmonary disease, coronary artery disease with residuals of an acute myocardial infarction and stent placement, hypertension and diabetes mellitus with right-sided peripheral neuropathy, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of his impairments.[1] Taking into account these limiting effects, a vocational expert identified numerous categories of jobs, both at the light exertional level, which plaintiff could perform based upon his age, education, work experience and residual functional capacity. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff is unable to perform her past

---

[1] The ALJ found that: "[Plaintiff's] ability to perform the full range of light work is limited by his preclusion from climbing, balancing, stooping, kneeling, crouching, bending and more than occasional crawling and his need to avoid heights and dangerous machinery and concentrated exposure to wetness, dusts, environments with poor ventilation and hot temperature extremes." (R. 19).

- 3 -

relevant work, he nevertheless is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy, including material handler, a tray person, a frame assembler, an order filler and an insert machine operator. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months.  42 U.S.C. §1382c(a)(3)(A).  The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...."  42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2]  20 C.F.R. §416.920; <u>Newell v. Commissioner of Social Security</u>, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the

---

[2]  The ALJ must determine in sequence:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity.  20 C.F.R. §416.920.  <u>See also</u> <u>Newell</u>, 347 F.3d at 545-46.

claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff challenges the ALJ's finding of not disabled at step 5 of the sequential evaluation process.[3] Specifically, plaintiff contends that: (1) the ALJ improperly analyzed the medical evidence, particularly that from his treating physician; (2) the ALJ improperly analyzed plaintiff's testimony and subjective complaints regarding his limitations and improperly relied upon plaintiff's sporadic activities to support a finding of not disabled; and (3) the ALJ failed to develop the record in regard to plaintiff's alleged mental impairments. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ failed to accord controlling weight to an opinion from plaintiff's treating family physician, Dr. Bulger. Upon review the court finds that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

---

[3] At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his or her impairments. 20 C.F.R. §416.945(a); Fargnoli, 247 F.3d at 40.

- 5 -

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence, including Dr. Bulger's opinion that plaintiff is limited, inter alia, to carrying and lifting 2-3 pounds occasionally, and to standing/walking 1 hour or less in an 8-hour workday and to sitting for 1 hour or less in an 8-hour workday. (R. 260). Plaintiff contends that had the ALJ accepted Dr. Bulger's assessment, plaintiff would have been limited to sedentary work which would render him disabled under the medical-vocational guidelines. However, the ALJ's decision not to accord controlling weight to Dr. Bulger's opinion is supported by substantial evidence.

First, the assessment of a claimant's residual functional capacity and the determination of disability are reserved solely

to the Commissioner and the opinion of a physician, treating or otherwise, never is entitled to special significance on those ultimate determinations. 20 C.F.R. §§416.927(e) and 416.946; SSR 96-5p. Here, based upon his review of the <u>entire</u> record, including plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not limit him to performing only sedentary level work.

Moreover, as the ALJ adequately explained in his decision, the limitations set forth by Dr. Bulger are not supported by the objective findings of record, which the ALJ summarizes in his decision and need not be repeated here. (R. 16). In addition, medical reports from Dr. Shanoudy, (plaintiff's treating cardiologist), Dr. Loychik (a neurologist), Dr. Alkhafaji (a gastroenterologist), and Dr. Newberg (a state agency physician), all belie a finding that plaintiff is limited to the exertional requirements of sedentary work as assessed by Dr. Bulger. Thus, because total disability is not supported by the objective medical evidence and is inconsistent with other substantial evidence in the record, the ALJ did not err in giving Dr. Bulger's opinion little weight. 20 C.F.R. §416.927(d); SSR 96-2p.

The court also finds no error in the ALJ's credibility determination. Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains

AO 72A
(Rev.8/82)

why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

In this case, the ALJ found that plaintiff's allegations concerning his impairments and their impact on his ability to work are not consistent with the medical evidence or his self-reported activities of daily living. In making this finding the ALJ adhered to the standards set forth in 20 C.F.R. §416.929(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. (R. 16-17). As required, the ALJ considered plaintiff's testimony in light of not only the medical evidence but also the other relevant factors, such as plaintiff's daily activities, and determined that plaintiff's testimony was not totally credible.

While it is true, as plaintiff asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Rather, in assessing plaintiff's credibility, the ALJ properly considered not only plaintiff's reports of his activities of daily living, but also considered plaintiff's allegations in light of the medical evidence, his treatment history, which included plaintiff's prolonged failure to follow medical advice, and all the other evidence of record. The ALJ's credibility determination is supported by substantial evidence.

Finally, plaintiff argues that the ALJ failed to develop a complete medical record when he rendered his decision that

- 8 -

plaintiff was not disabled without first having inquired about plaintiff's alleged mental impairments. The court finds this argument to be without merit.

A claimant has the burden of proving that she is disabled by "bring[ing] to [the Commissioner's] attention everything that shows you are . . . disabled." 20 C.F.R. §404.1512(a). This duty requires that a claimant "furnish medical and other evidence that [the Commissioner] can use to reach conclusions about your medical impairment(s) and . . . its effect on your ability to work on a sustained basis." Id. Significantly, the regulations expressly provide that the Commissioner "will consider only impairment(s) you say you have or about which we receive evidence." Id.

Here, there is no indication in the record that plaintiff or his counsel ever notified the Commissioner that any alleged mental impairment should be considered as an additional basis for disability, either in plaintiff's application, at the hearing or even before the Appeals Council. Plaintiff's application sought benefits based on heart problems, diabetes and back pain, and plaintiff reiterated at the hearing that those are the impairments that preclude him from working.

At no time did plaintiff or his counsel suggest to the ALJ that they believed plaintiff suffers from any severe mental impairment or indicated that they had additional evidence relating to any such impairments that they wanted the ALJ to consider. Thus, although the ALJ does have a duty to develop the record, he

is not required to attempt to develop the record for impairments of which he is unaware. It was plaintiff's duty to bring these matters to the ALJ's attention. Plaintiff failed to do so and cannot now argue on appeal before this court that the ALJ should have considered matters not raised at the administrative level.[4]

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

---

[4] In any event, there is no evidence in the record that plaintiff suffers from any severe mental impairment. Plaintiff relies on Dr. Bulger's reports from April and May of 2003 in which it is noted that plaintiff had been complaining of depression and Dr. Bulger prescribed an antidepressant. However, Dr. Bulger's June 2003 report noted no further complaints of depression. As to plaintiff's alleged borderline intellectual capacity, the court notes that the only mention of such a malady in the record is from a prior application for benefits that had been denied and upon which plaintiff took no further action. Plaintiff did not assert before the ALJ, and does not here, that the prior application should have been reopened or revisited. Finally, there is absolutely no evidence in the record from any of the treating or examining physicians suggesting that plaintiff suffers from any sort of mental impairment.

cc:  David M. Axinn, Esq.
     Cohen, Axinn & Cohen
     P.O. Box 597
     1904 North Juniata Street
     Hollidaysburg, PA 16648

     John J. Valkovci, Jr., Esq.
     Assistant U.S. Attorney
     224 Penn Traffic Building
     319 Washington Street
     Johnstown, PA 15901